DongHong.NCS

1  LEONARDO M. RAPADAS
   United States Attorney
2  KARON V. JOHNSON
   Assistant U.S. Attorney
3  Suite 500, Sirena Plaza
   108 Hernan Cortez Avenue
4  Hagatna, Guam 96910
   TEL: (671) 472-7332
5  FAX: (671) 472-7334

6  Attorneys for the United States of America

**FILED**

DISTRICT COURT OF GUAM

·JUN 2 0 2007

MARY L.M. MORAN
CLERK OF COURT

7

## IN THE UNITED STATES DISTRICT COURT

8

## FOR THE DISTRICT OF GUAM

9

10  UNITED STATES OF AMERICA,            )     CRIMINAL CASE NO. 06-00058
                                         )
11                         Plaintiff,    )
                                         )     **UNITED STATES NOTICE**
12          vs.                          )     **CONCERNING SENTENCING**
                                         )
13  DONG PYO HONG,                       )
                                         )
14                         Defendant.    )
    _____     )

15

16          COMES NOW the United States and hereby advises this Honorable Court that it believes

17  that the crime for which defendant is to be sentenced, Fraud in Connection with Identification

    Documents, in violation of 18 U.S.C. 1028(a)(6), is a class A misdemeanor, rather than a felony.

18          The operative facts of this case are that defendant, who had entered as a tourist and remained

19  illegally in the United States, solicited Ina Lee to help him obtain a Guam driver's license. Lee was

20  doing this for many people, using forged letters purportedly from the Internal Revenue Service

21  assigning Taxpayer Identification Numbers (TIN). Lee filed an application for a Guam driver's

22  license with a confederate in the Motor Vehicle Division, using TIN 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 as defendant's

23  means of identification. The TIN was false and does not belong to anyone. A Guam driver's license

24  was issued to defendant using this false authentication feature.

25          The penalty section of this statute, 1028(b), is rather convoluted.  Section 1028(b)(2)

26  provides a five-year penalty for the "production, transfer, or use of a means of identification, an

27

-1-

1  identification document, authentication feature, or false identification document." This section also

2  provides a wide range of penalties which are not applicable here, but which are all directed at the

3  "production, transfer, or use." Section 1028(b)(6) is a catch-all provision: the penalty for "any other

4  case" is a one-year misdemeanor.

5      Although defendant, through Ina Lee, "used" the IRS TIN letter, defendant has been charged

6  under § 1028(a)(6), which concerns knowingly <u>possessing</u> an authentication feature. Given that the

7  charge is under this section, the government believes that the penalty imposed must be pursuant to

8  § 1028(b)(6), that is, a misdemeanor.

9      Respectfully submitted this  20th  day of June, 2007.

10                                      LEONARDO M. RAPADAS
                                       United States Attorney
                                       Districts of Guam and NMI

12     By:   _____
13           KARON V. JOHNSON
             Assistant U.S. Attorney

-2-